FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2010 JUN 21  PM 4:57

GREGORY C. LANGHAM
CLERK

BY_____ DEP. CLK

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
AT DENVER

No. '10 - CV - 01456 PAB KMT

Philip Andrew; Wolf,
    Plaintiff, pro se,

vs.

COUNTY OF GILPIN, and JAMES PETROCK,
    Defendants.

COMPLAINT for declaratory relief under 5th Amdt. and under 28 USC §§ 2201, 2202, and for money damages.

VERIFIED COMPLAINT.

---

## I. INTRODUCTION, JURISDICTION, & VENUE.

1.1 COMES NOW, the above named Plaintiff, Philip Andrew; Wolf, seeking specific remedy in the nature of declaratory relief regarding federal statutory limitations of Plaintiff's municipal authority as it relates to "mineral lands" which he owns.

**Colorado Enabling Act,** 3 March 1875 [18 Stat. 474].- AN ACT TO ENABLE THE PEOPLE OF COLORADO TO FORM A CONSTITUTION AND STATE GOVERNMENT, AND FOR THE ADMISSION OF THE SAID STATE INTO THE UNION ON AN EQUAL FOOTING WITH THE ORIGINAL STATES. Be it enacted by the senate and house of representatives of the United States of America in congress assembled:

§ 1. "*Authority to form state.* That the inhabitants of the territory of Colorado included in the boundaries hereinafter designated, be, and they are hereby authorized to form for themselves, out of said territory, a state government, with the name of the state of Colorado; which state, when formed, shall be admitted into the Union upon an equal footing with the original states in all respects whatsoever, as hereinafter provided."

§ 15. *"Mineral lands excepted.* That **all** mineral lands shall be excepted from the operation and grants of this act."

1.2 This action arises under the 5th Amdt. to the U.S. Constitution, and under 28 USC §§ 2201 and 2202. The subject lands are in Gilpin County, Colorado, and are of the Plaintiff's dominion alone. This Court has jurisdiction and venue is proper.

## II. FACTS & PARTIES.

2.1 For the purposes of this action, Plaintiff's address is P.O. Box 16804, Golden, CO 80402.

2.2 Defendants GILPIN COUNTY and JAMES PETROCK have as their address P.O. Box 366 / 203 Eureka Street / Central City, CO 80427.

2.3 Defendants GILPIN COUNTY and JAMES PETROCK (hereinafter "Defendant") have expressed a belief that municipal code of Gilpin County or Colorado state statutes provide Defendant free and unencumbered access to Plaintiff's land at any time of day or night, and on every day of every year, contrary to laws of the United States.

2.4 Plaintiff owns land upon which he enjoys certain federal land patents. Municipal creatures of the State have acted in defiance of Colorado's enabling act at U.S. Public Law 18 Stat. § 474 which withholds from the Defendant all authority to act in relation to "mineral lands." Such creatures are loathe to discuss federal law and are attempting to extort substantial sums of money from the Plaintiff under color of law and of official right. These demands arise from criminal trespass onto Plaintiff's land by municipal employees and the assessment of fines for alleged violations of code which cannot be applied to Plaintiff's land without offending 18 Stat. § 474.

2.5 Defendant also assesses and collects property taxes from the Plaintiff under Gilpin County Municipal Code Title 39, ch.1.

2.7 Despite having had more than three full years to provide proof of authority of any nature over Plaintiff's mineral lands, and despite Plaintiff's having even sought instruction about his 2nd Amdt. rights to used deadly force to protect his property from Defendant's seizure of such in any amounts, Defendant is utterly without proof of authority of any nature but persists in what is therefore admittedly an extortion scheme carried out through the U.S. mails.

Complaint for declaratory
judgment and other relief.                Page 2 of 7

Philip Andrew: Wolf
P.O. Box 16804
Golden, CO  80402

Defendant has never one pointed to any federal law which seeks to expand, modify, or repeal any part of 18 Stat. § 474.

2.8 Defendant is fully aware of all of this. Plaintiff has complained to the FBI, the DOJ, and to Defendant's sheriff, and has done so with criminal complaints accusing Defendant's officials under CO state and U.S. felony statutes, but nobody in authority has acted to prove the Plaintiff incorrect or mistaken about his assertions, and they refuse to allow 18 Stat. § 474 to operate by failing to stand up to the Defendant for the Plaintiff; the law doesn't work and the Plaintiff is wholly on his own to protect his property with any necessary force.

2.9 The State of Colorado has full and prior knowledge of the past three years of litigation, it was invited to intervene under FRCvP 24 but chose to abstain from the litigation.

2.10 Defendant has contacted CO State authorities about this question, it asked if CO State could disprove Plaintiff's claims of protections under 18 Stat. § 474, and CO State authorities were unable to help the Defendant in any way. Defendant is unable to point to any federal law which contradicts the terms of 18 Stat. § 474 as it relates to mineral lands and non-federal authority or jurisdiction. Defendant's arguments against Plaintiff's criminal complaining does not include any cite to statutory authority to contradict Plaintiff's claims under 18 Stat. § 474 relating to his land being mineral lands as referenced therein, at cl.15, *supra*.

2.11 When Plaintiff states to the Defendant, "Colorado's enabling act precludes all exercise of its authority, as a state, in matters concerning miner lands such as mine," Defendant replies in deed, "Our agents will take photographs through your home's windows whenever we choose, and you will pay us what we demand. We don't have lawful authority and we don't have to consider 18 Stat. § 474, 18 USC § 2384, or your 2nd Amendment." Defendant will fail to dispute Plaintiff's claim again in this action.

2.12 On or about July 28, 2003, Gilpin County (county court) in #CV-67, ordered that no lien shall be placed on the Plaintiff's land, and without an order from that court which strikes or otherwise amends said mandate the Defendant have filed liens under CO state law over that particular controversy. This is a matter of record.

2.13 Defendant has refused permits to a company seeking to mine the resources on Plaintiff's land and after years of litigation still cannot place proof of lawful authority on the record under the burden of Plaintiff's challenges under 18 stat. § 474. This contract is valued at

or over $20,000,000.00 (U.S.). In the absence of such proof, each day this contract is impaired constitutes irreparable harm to the Plaintiff, in his rights to property and to contract.

### III. CAUSE OF ACTION & RELIEF SOUGHT.

3.1 WHEREFORE, Plaintiff requires a declaration of his rights under federal statutes which apply very specifically to his land, and to those who are seeking to restrict his use of such without lawful authority to do so. Plaintiff also seeks monetary damages against the Defendants for the deprivation of rights to which their conduct amounts.

### CAUSE OF ACTION I:

3.2 Defendants claim lawful authority or court order to constantly enter upon and remain on Plaintiff's land but can identify no authority to do so. In years of litigation and in administrative attempts to resolve this matter concerning 18 Stat. § 474 and Defendants apparent trespass onto Plaintiff's land, no answer to said statute's prohibitions against the exercise of such police powers has been produced. This intentional and ongoing conduct on the part of the Defendant forces the Plaintiff to speculate about rights to property and to self defense because he relies on the law for guidance, but is victimized by armed forces which claim but cannot prove that the law affords them such dominion as that of which Plaintiff complains. Defendant's conduct constitutes a plain violation of due process rights of the Plaintiff secured by the 5th Amdt., and entitles the Plaintiff to $10,000,000.00 (U.S.) in monetary compensation to make him whole.

### CAUSE OF ACTION II:

3.3 Defendants were barred by court order from filing liens against the Plaintiff's land, and without permission Defendants did so. These liens remain to this day and serve as the basis for attempt to auction them off to bidders, thus threatening Plaintiff in his very right to reside. All of this is occurring in the vacuum where Defendant can produce no answer to the prohibitions of 18 Stat. § 474. To encumber Plaintiff's property without right or lawful authority, and to do so after having been challenged to do so, is a plain violation of Plaintiff's rights to due process, to property, and to contract, secured by the 5th Amdt.. Plaintiff is entitled to $2,000,000.00 (U.S.) as compensation for the defamation of character to which Defendant's

liens surely amount, and their filing's violation of Plaintiff's rights to due process and to property secured by the 5th Amdt., to make the Plaintiff whole.

### CAUSE OF ACTION III:

3.4 Plaintiff has sought to contract with a company which desires to mine resources on Plaintiff's land, but has been barred by the Defendant's refusal to grant permits for which said mining company applied. Without dominion of any nature over Plaintiff's land Defendant's answer should have been to tell said applicant that it needn't so apply, but rather Defendant intervened claiming authority it cannot prove exists under law, halting the progress toward finalizing a contract for such mining. This constitutes a plain violation of Plaintiff's rights to contract and to property, in violation of the 5th Amdt. to the U.S. Constitution, entitling the Plaintiff to approx. damages in the amount of $30,000,000.00 (U.S.) to make him whole.

### CAUSE OF ACTION IV:

3.5 Plaintiff has owned his land for twelve years and has paid upon Defendant's demand for such sums as he was told are imposed as property taxes, under CO state law. These demands are a fraud upon the Plaintiff to swindle him out of his money through the use of the U.S. mails; a federal crime under 18 USC § 1341. In the course of such scheme the defendant has collected more than $5,000.00 (U.S.) since 1998. Inasmuch as 18 Stat. § 474 bars Defendant from such exercise of police or taxation authority, this practice violates Plaintiff's rights to property secured by the 5th Amdt., entitling the Plaintiff to $1,000,000.00 (U.S.) in monetary damages to make him whole.

### DECLARATORY CAUSES OF ACTION & RELIEF:

3.6 Defendant can prove no lawful authority relative to Plaintiff's land or the use thereof, while Plaintiff has statutory protections against such exercise of power in 18 Stat. § 474, and Defendant is extorting money from the Plaintiff under such guise. Plaintiff requests that this Court declare under 28 USC § 2201 that:

1. P.L. 18 Stat. § 474 is a law of the United States. Due to Plaintiff's land's status under federal land and mining patent laws it is rightfully deemed to be "miner lands," as that term is used in 18 Stat. § 474.

Complaint for declaratory
judgment and other relief.          Page 5 of 7

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO  80402

2. The Defendant is wholly without official right or dominion as such would relate to "mineral lands," as that term is used in 18 Stat. § 474. All conduct complained of on the Defendant's part is a violation of 18 Stat. § 474.

3. All municipal creatures of the State of Colorado are wholly without official right or dominion as such would relate to "mineral lands," as that term is used in 18 Stat. § 474. This includes provisions relative to land use and to property taxation. Plaintiff has a right to know that 18 Stat. § 474 has operated as Congress intended.

4. Any liens against Plaintiff's property arising from or issued by a CO court under the authority of CO state or municipal law are inoperable upon miner lands such as Plaintiff's land, pursuant to 18 Stat. § 474.

5. Inasmuch as maritime liens arise from acceptance of dominion over rights to property, and are perfected by the ultimate breach which occurs, such liens supercede liens arising after the maritime lien has arisen.

6. In any instance where the Defendant cannot provide a statute to the contrary of those statutes containing clear protections of property such as Plaintiff's 18 Stat. § 474, any provision (municipal or state) relied upon by the Defendant is void for vagueness, for such a situation forces the Plaintiff to speculate as to his rights to property, to privacy, and to liberty.

7. The failure of authorities to which Plaintiff has complained to protect the Plaintiff from the conduct complained relieves the Plaintiff of any obligation to refrain from self defense of his property.

8. Inasmuch as Defendant's agents are typically armed, Plaintiff's use of all necessary force in defense of his property as the next first reaction to threat is reasonable and justified.

9. If the Defendant ultimately forces the Plaintiff through this abuse to use all necessary force in defense of his property, Plaintiff's conduct is allowed under the 2nd Amdt. as self defense. Plaintiff has exhausted all other remedies.

10. Plaintiff's warning of the use of deadly force to protect his property to the Defendant is not criminal and cannot be used against him, because the Defendant is wholly unable to disprove Plaintiff claim of rights under 18 Stat. § 474.

11. Defendant's ongoing refusal to provide proof of authority to the point where even state and federal felony criminal complaints are ignored by Defendant's officials, employees, and agents, and their failure to act to either disprove the Plaintiff's claims or to protect his rights through enforcement of criminal statutes, imposes upon the Plaintiff a situation which deprives him of due process.

Complaint for declaratory judgment and other relief.    Page 6 of 7

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO  80402

**Additional or further declaratory relief:**

12. Injunctive relief: Defendants have violated 18 Stat. § 474 to extort money from the Plaintiff. Permanently enjoin the Defendant from acting under state or municipal authority in any matter concerning Plaintiff's mineral lands, in relation to matters past, present, and future, until such time Congress sees fit to amend 18 Stat. § 474.

13. Leave to amend this complaint if it is deemed deficient or as one which fails to state a claim.

3.7 Additional relief under 28 USC § 2202 is not unreasonable and will serve to halt or prevent ongoing and future irreparable harm to the Plaintiff, his rights to property, to contract, and to reside, and to his estate.

## IV. VERIFICATION.

4.1 I, Philip Andrew; Wolf, Plaintiff hereto, do hereby declare under penalties of perjury (28 USC § 1746) that the foregoing accounting of facts are true and correct to the best of my knowledge.

4.2 believe that I am entitled to the relief requested herein. Executed this 21 day of June, 2010.

Signed: _____
Philip Andrew; Wolf, Affiant/Plaintiff

4.3 The above affirmation was SUBSCRIBED and duly SWORN to before me this 21 day of June, 2010, by Philip Andrew Wolf.

4.4 I, Tina M. White, a Notary under license from the State of Colorado whose Commission expires 1/2/2011, be it known by my hand and my Seal as follows:

_____
Notary signature

Dated: 6/21/2010    My Commission Expires 01/02/2011    Presented by:

_____
Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

Complaint for declaratory
judgment and other relief.        Page 7 of 7

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402