```
                                              FILED
                                       U.S. DISTRICT COURT
                                       DISTRICT OF COLORADO

                                          2010 JUN 24  PM 3: 03

                                          GREGORY C. LANGHAM
                                                 CLERK

                                       BY_____DEP. CLK
```

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
AT DENVER

| | |
|---|---|
| Philip Andrew; Wolf,<br>    Plaintiff, pro se, | ) No. 10-CV-01456 PAB-KMT<br>)<br>) Plaintiff's Motion for injunctive relief to<br>) prevent irreparable harm, with notification |
| vs. | ) to Defendants.<br>) |
| COUNTY OF GILPIN, and JAMES<br>PETROCK,<br>    Defendants. | )           FRCvP 65.<br>)<br>) |

### 1. INTRODUCTION.

1.1. COMES NOW, Plaintiff above named, seeking specific relief in the form of a temporary restraining order to enjoin ongoing damage without cause or lawful authority being done to the Plaintiff and his rights to property, to privacy, and to due process. Defendants were made aware of this filing, which is a sworn statement, by way of:

_____ - Personal service at 203 Eureka Street / Central City, CO 80427. **Or -**

_Overnite_ - Mailed to Defendants at that address with notification by phone on June 22, 2010 prior to Plaintiff's arrival at this Court to file this motion.

**1.2 First basis for relief is**: Defendants have filed liens against Plaintiff's land despite being ordered by Gilpin County District Court July 28, 2003, in #CV-67. (See **Ex.A** hereto, liens and court transcript). Without an order striking or otherwise amending said existing and standing order, Defendants' liens now threaten the Plaintiff through the attempted sale of said liens to bidders at a Gilpin County auction. This is damaging the Plaintiff's reputation and good

standing in the community through public recording of said liens, which arise from accusations of code violations relating to land use and building permits. In addition, any credit to be derived from ownership of the subject land is barred by said liens, and also serve to deprive the Plaintiff of those sums should Plaintiff attempt to sell his land. Plaintiff is being damaged as this is read, and will continue to be damaged by the imposition and recording of said liens which are in direct violation of court order.

1.3 **Second basis for relief is**: Despite years of litigation, belligerent complaining, and bold confrontation, Defendants are wholly unable to prove 18 Stat. § 474 has been amended to permit Colorado to legislate in relation to mineral lands such as the Plaintiff's. (See **Ex.B** hereto, mining patents). While Defendants can provide no proof of police power of any nature which extends to Plaintiff's land, while admitting that said statute bars such exercise on the Defendants' part, they persist in pursuing a sum of approx. $350,000.00 (U.S.) at present.

**Colorado Enabling Act**, 3 March 1875 [18 Stat. 474].- AN ACT TO ENABLE THE PEOPLE OF COLORADO TO FORM A CONSTITUTION AND STATE GOVERNMENT, AND FOR THE ADMISSION OF THE SAID STATE INTO THE UNION ON AN EQUAL FOOTING WITH THE ORIGINAL STATES. Be it enacted by the senate and house of representatives of the United States of America in congress assembled:

§ 1. "*Authority to form state.* That the inhabitants of the territory of Colorado included in the boundaries hereinafter designated, be, and they are hereby authorized to form for themselves, out of said territory, a state government, with the name of the state of Colorado; which state, when formed, shall be admitted into the Union upon an equal footing with the original states in all respects whatsoever, as hereinafter provided."

§ 15. "*Mineral lands excepted.* That **all** mineral lands shall be excepted from the operation and grants of this act."

1.4 When Congress says "all" it means it.[1] Through such exercise JAMES PETROCK has won the right to photograph Plaintiff's guests or property through the windows of

---

[1] See *Walters v. Metropolitan Enterprises, Inc. et al.*, 519 U.S. 202 (1997); *Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972); *U.S. v. Minker*, 350 U.S. 179, 192 (1956); *Jay v. Boyd*, 352 U.S. 345, 357 (1956); *Galvan v. Press*, 347 U.S. 522, 530 (1954); *Honig v. Doe*, 484 U.S. 305, 324 (1988); *Meese v. Keene*, 481 U.S. 465, 484 (1987); *INS v. Hector*, 479 U.S. 85, 88 (per curiam opinion) (1986); *FRS v. Dimensional Financial Corp.*, 474 U.S. 361, 365 (1986); *US v. Turkette*, 452 U.S. 576, 593 (1981); *Goldberg v. US*, 425 U.S. 94, 112 (1976); *Gurley v. Rhoden*, 421 U.S. 200, 205 (1975); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 719 (1967)).

Plaintiff's home at any time of day or night and on any day of any year, as he has already done. Such leave to so invade the Plaintiff's land and home exists at present, so at any moment Plaintiff can be forced into protecting his land from trespassers, risking prosecution by the Defendants who would rather see Plaintiff in jail than prove they have the authority to which they lay claim.

1.5 This presumed but unsubstantiated authority is causing ongoing damages to the Plaintiff and his privacy and property, for there is no defined limit to what the Defendants may do upon or bring to Plaintiff's land, and in what numbers. Defendants constitute a clear and present danger to the Plaintiff and to others who think government cannot just enter, pry, and photograph, 24/7/365. To expect this is level of respect and privacy is "frivolous" to the Defendants, as they have stated, when in many, if not most jurisdictions it can get them wounded or worse. Every day is irreparable harm to personal safety and privacy afforded everyone else, and so are the photographs the Defendants are or may be taking through Plaintiff's home's windows whenever he leaves his property.

1.6 If the Court can picture living under this condition where any of the employees or officials in Gilpin County can simply enter and exist upon your land, and may photograph through any unblocked window, when they can prove no authority to so enter and remain, and when indeed you can point to statutory prohibitions against it. If you protect your property you'll be prosecuted.

1.7 FURTHER, without proof that 18 Stat. § 474 does not operate to constrain it, Defendant refuses permits to a mining company which seeks to exploit under contract those resources on Plaintiff's land, impairing a contract valued at more than $20,000,000.00 (U.S.) for more than two years. Inasmuch as said contract is still and is not producing daily revenue to rightfully benefit the Plaintiff, every day constitutes irreparable harm to the Plaintiff.

1.8 Plaintiff also seeks and requests injunctive relief against the Defendants' acting in any way to affect Plaintiff's land or the use there of until such time as they can prove that Congress has amended 18 Stat. § 474 or has provided for exceptions thereto which would permit the conduct under CO state law about which he's complained.

1.9 The solution is as simple as the Defendant's proof of authority which <u>duly</u> carves out their exception to the obvious constraints upon its authority by 18 Stat. § 474, so it can not

realistically complain of a prejudice or harm in the relief requested. The relief requested can cause only a delay during injunctive restraint the enforcement of Defendant's liens, and curtail the Defendant's ongoing photographing of Plaintiff's furnishings and guests in his home. There is <u>no basis for requiring a security</u> to be posted by the Plaintiff.

## IV. <u>VERIFICATION</u>.

4.1 I, Philip Andrew; Wolf, Plaintiff hereto, do hereby declare under penalties of perjury (28 USC § 1746) that the foregoing accounting of facts are true and correct to the best of my knowledge.

4.2 I believe that I am entitled to the relief requested herein. Executed this 22 day of June, 2010.

Signed: _____
Philip Andrew; Wolf/Affiant/Plaintiff

4.3 The above affirmation was SUBSCRIBED and duly SWORN to before me this 22 day of June, 2010, by Philip Andrew; Wolf.

4.4 I, Tina M. White, am a Notary under license from the State of Colorado whose Commission expires 1-2-2011, and be it known by my hand and my Seal as follows:

_____
Notary signature

Dated: 6/22/10

Presented by:
_____
Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

[Notary seal: TINA M. WHITE, NOTARY PUBLIC, STATE OF COLORADO, My Commission Expires 01/02/2011]

- CERTIFICATE OF SERVICE -

I, Tina White, do hereby certify that I did deposit in U.S. Post First Class / serve by hand and in person and in adequate packaging a copy of the attached documents (Philip Andrew; Wolf's Motion for temporary restraining order) addressed to the following parties: Gilpin County, James Petrock, 203 Eureka Street, Central City, CO 80427. I am a Citizen of the United States, I am over 18 years of age, and I am not party to this action.

6/22/10                                    _____
Date                                       Signature