RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2010

GREGORY C. LANGHAM
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

AT DENVER

Philip Andrew; Wolf,  ) No. 10-CV-01456 PAB-KMT
    Plaintiff, pro se,  )
                              ) ORDER TO SHOW CAUSE
                              )
vs.  )
                              ) (proposed)
COUNTY OF GILPIN, and JAMES  )
    PETROCK,  )
        Defendants.  )

1. THIS MATTER, having been brought before this Court upon motion of the Plaintiff and the Court having found sufficient cause to exist, it is hereby determined and ORDERED:

2. The Plaintiff is being subjected to property liens issued and filed under Colorado state law by the Defendants. Plaintiff has provided prima facie proof that the subject liens are barred by court order.

3. In addition, Plaintiff has claimed perceived statutory protections under federal law against defendants' exercise of state police power, and has claimed that Defendants have failed for years to dispute Plaintiff's claims of such, while they impede or altogether block all efforts to mine Plaintiff's land.

_____: Defendants GILPIN COUNTY and JAMES PETROCK are hereby enjoined from enforcing any and all liens already duly filed against Plaintiff's land so encumbered.

TEMPORARY RESTRAINING ORDER.    Page 1 of 2    Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

_____: Defendants are hereby enjoined from taking further action under color of law relating to Plaintiff's use of his land which is not a threat to human life or health, and which does not interfere with enjoyment of rights in the dominion of others.

4. Relief requested herein does not seek to affect Defendants' refusal to grant permits for mining on Plaintiff's land and applies to times prior to the hearing which is hereby ordered. Since only a delay in the enforcement of existing liens, and in the filing of other liens or assessment of penalties, is requested hereby, Plaintiff is not required to post a security per FRCvP 65(c).

5. The temporary restraint ordered hereby shall be immediate upon Defendants' receipt of this signed Order, and parties to this action are instructed to appear in this Court to present arguments, and Defendants shall show good cause why this relief should not become permanent.

**HEARING**

Date:_____          Time:_____

Place:_____         Room:_____

U.S. Dist. Court
901 19th Street
Denver, CO  80294-2501

DONE IN OPEN COURT this _____ day of _____, 2010.

_____
U.S. Dist. Judge / Magistrate

Proposed by Plaintiff:

Dated: 6/22/10

Presented by:

_____
Philip Andrew; Wolf
P.O. Box 16804
Golden, CO  80402

TEMPORARY RESTRAINING ORDER.          Page 2 of 2

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO  80402

```
 1   COUNTY COURT, GILPIN COUNTY, STATE OF COLORADO
 2   Case No. 03C67, Division G
 3   _____
 4   TRANSCRIPT OF PROCEEDINGS HELD JULY 28, 2003
 5   _____
 6   THE COUNTY OF GILPIN,
 7       Plaintiff,
 8   v.
 9   PHILLIP WOLF, et al.
10       Defendants.
11   _____
12
13          The above-entitled matter commenced on
14   July 28, 2003, for hearing before THE HONORABLE FRED
15   ROGERS, in Division G, of the Gilpin County Court,
     Gilpin County, Colorado.
16
17          (This is an excerpt of the proceedings
18   recorded in this case on the above date.)
19
20
                    A P P E A R A N C E S
21
22   FOR THE COUNTY:  Jim Petrock, Esq.
23   FOR THE DEFENDANTS:  The defendants appeared pro se
24
25
```

1  penalties of $250 per violation, payable immediately
2  to the county treasurer.
3  　　　　　The county attorney is admonished that in
4  accordance with the provisions of this statute, this
5  civil penalty does not constitute a lien against the
6  Wolfs' property, and further, if the County wishes
7  continuing penalties in the amount not to exceed $50
8  for each continuing violation, my reading of
9  30-28-124.5 (4) is that there must be a motion
10 filed, together with proof that the violation has
11 not been cured, removed, or corrected, and I believe
12 that that proof may consist of an affidavit by one
13 who has legitimately determined that the violation
14 has not been cured, removed, or corrected.
15 　　　　　I make that statement because I know the
16 county attorney requested the Court to order the
17 ensuing 50 dollar fines, and I don't believe I can
18 do that, Counsel.
19 　　　　　Anything further from you, Mr. Petrock?
20 　　　　　MR. PETROCK: Yes, Your Honor. The $250
21 is payable immediately; is that the Court's order?
22 　　　　　THE COURT: Yes, to the county treasurer,
23 yes, and her office is in the old courthouse at 103
24 Eureka Street in Central City, and that's where it
25 must be paid.