IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01456–PAB–KMT

PHILIP ANDREW; WOLF,

    Plaintiff,

v.

COUNTY OF GILPIN, and
JAMES PETROCK,

    Defendants.

## ORDER

    This matter is before the court on "Defendants' Motion to Strike 'The Criminal Complaint.'" (Doc. No. 27.) On August 10, 2010, Plaintiff filed a reply in support of his motion for injunctive relief against Defendants. (Doc. No. 26.) Attached to the reply is a document entitled "Mandatory Judicial Notice and Criminal Complaint against Defendants and Each of Them." (*Id.* Ex. A.) In it, Plaintiff purports to inform the court—as he avers is required by 18 U.S.C. § 4—of crimes allegedly committed by Defendants in connection with a letter they sent to him on July 13, 2010. Defendants seek to strike this document.

    Federal Rule of Civil Procedure12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that

would be spent litigating issues that will not affect the outcome of the case." *U.S. v. Smuggler-Durant Min. Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993).

Title 18, Section 4 of the United States Code establishes the crime of misprision of a felony. Section 4 states,

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

To the extent Plaintiff seeks to protect himself from future prosecution pursuant to 18 U.S.C. § 4, his efforts are misplaced. His arguments regarding Defendants' actions do not demonstrate any criminal activity. Plaintiff contends that Defendants have committed fraud upon Plaintiff and the court "in the form of intentionally misleading pleadings which they have mailed and filed in this case." (Doc. 26, Ex. A at 1.) In particular he complains of a "threatening letter he received from Timothy P. Schimberg and Andrew R. McLetchie who represent Gilpin County in this case." (*Id.* at 2.) Plaintiff asserts that this letter gives rise to criminal counts for "conspiracy against rights," in violation of 18 U.S.C. § 241, "mailing threatening communications," in violation of 18 U.S.C. § 876(d), and "seditious conspiracy" in violation of 18 U.S.C. § 2384. (*Id.* at 3-4.)

The letter, dated July 13, 2010, is also attached to Plaintiff's reply brief. (Doc. 26 Ex. A.) It was provided to Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure, which requires a party to serve a motion for sanctions on the opposing party before filing it with the court. *See* Fed. R. Civ. P. 11(c)2). If the paper, claim, defense, contention or denial challenged

2

in the motion for sanctions is withdrawn within twenty-one days of service, the motion must not be filed with the court. *See id.* In the letter, Defendants state, "Pursuant to Rule 11's 'safe harbor' provision, enclosed is a copy of the Motion we will file in 21 days should you fail to withdraw your Complaint." (Doc. 26 Ex. A.) Defendants enclosed a copy of a motion to dismiss, a motion to enjoin Plaintiff from filing further pleadings in the District of Colorado, and a motion for sanctions with the July 13, 2010 letter to Plaintiff. On July 13, 2010, Defendants filed the motion to dismiss and motion to enjoin with the court. (Doc. Nos. 8, 9.)

>Plaintiff asserts,
>
>this timeline and evidence reveals that Timothy P. Schimberg and Andrew R. McLetchie, and probably James Petrock, misled the Plaintiff by telling him that the motion to dismiss and for sanctions, and for pleadings restrictions for him, [sic] while it misled this Court by telling it that it had duly served the Plaintiff with the motion to dismiss. The certificate of service on the Court's copy of the Defendants' motions says it was mailed July 13, 2010 which is exactly when Plaintiff was threatened via U.S. Postal Service that the motion was not yet filed.

(Doc. 26 Ex. A at 2.)

Although the vague language in Defendants' letter may have caused a *pro se* party to believe that Defendants would not file any of the motions for twenty-one days, Rule 11's safe harbor provision applies only to the motion for sanctions, which Defendants did not file until August 2, 2010. Defendants' actions in providing this letter to Plaintiff as required by Rule 11 do not amount to fraud and certainly do not give rise to criminal charges. Thus, Plaintiff has no basis to provide notice to the court under 18 U.S.C. § 4.

To the extent Plaintiff seeks to file a criminal complaint against Defendants, he lacks authority. *See Wolf v. Petrock*, No. 09-1514, 2010 WL 2331171, at *3 (10th Cir. June 10, 2010)

(citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007) (holding that criminal statutes that do not provide for a private right of action are not enforceable through a civil action)); *see also* Fed. R. Civ. P. 7(a) (listing the only pleadings allowed in a civil action). Importantly, Plaintiff is well aware that he may not file criminal charges against Defendants as the Tenth Circuit recently discussed this issue in a sister suit in which Plaintiff, citing 18 U.S.C. § 4, sought to bring criminal charges against James Petrock. *See Wolf*, 2010 WL 2331171, at *3. Plaintiff is cautioned against making future frivolous attempts to file unauthorized criminal actions in this Court.

As Plaintiff's "Mandatory Judicial Notice and Criminal Complaint against Defendants and Each of Them" is redundant, immaterial, impertinent, and scandalous, and will not affect the outcome of this case, it is hereby stricken. Defendants' Motion to Strike The Criminal Complaint (Doc. No. 27) is GRANTED.

Dated this 23rd day of August, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge