IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01456–PAB–KMT


PHILIP ANDREW; WOLF,

      Plaintiff,

v.

COUNTY OF GILPIN,
JAMES PETROCK, and
FOWLER SCHIMBERG & FLANAGAN
(a professional corporation),

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on motion by Plaintiff Philip Wolf for injunctive relief and

on multiple motions by Defendants to enjoin Mr. Wolf from further filings, to strike the First

Amended Complaint, to dismiss the First Amended Complaint, and for Rule 11 sanctions.

## STATEMENT OF THE CASE

      This case is one of multiple suits involving Philip Wolf, Gilpin County, and James

Petrock, the Gilpin County Attorney.[1]  The litigation arises out of Gilpin County's efforts to

---

[1] This court previously described the factual and historical background of this dispute in 08-cv-02749-PAB-KMT.  (*See* Doc. No. 41.)  The following description is taken, in part, from the court's recommendation and documents provided in that case.  *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008) (taking judicial notice of documents in the public record); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (noting that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment).

assess civil penalties against Philip and Kathleen Wolf for zoning violations. In 2003, Gilpin County filed a complaint in county court against Mr. and Mrs. Wolf for zoning violations under Colo. Rev. Stat. § 30-28-124.5 (the county court case). (*See* 08-cv-02749, Doc. No.15, Ex. 1.) The county court found the Wolfs in violation of Gilpin County zoning regulations and assessed civil penalties. (*Id.*) According to Defendants, the county court also ordered per diem penalties. (08-cv-02749, Doc. No. 15, Ex. 4; 10-cv-01456, Doc. No. 23 at 3.) The Wolfs appealed the county court judgment and, in 2004, the state district court affirmed.[2] (08-cv-02749, Doc. No. 15, Ex. 1.) The district court also awarded Gilpin County its appellate costs and attorney's fees, finding the Wolfs' appeal frivolous and groundless. (*Id.* at 3-4.)

Despite the finality of the judgment, Mr. Wolf continued to file motions in the county court case in an attempt to void the orders. For example, in 2006, the county court denied Mr. Wolf's Motion for Colorado Rules of Civil Procedure Injunctive Relief, Motion for Colorado Rules of Civil Procedure Declaratory Judgment, and Crim. P. 35(c) Motion for Relief. (08-cv-02749, Doc. No. 15, Ex. 2.) On November 17, 2008, the county court denied Mr. Wolf's "Motion to Vacate Judgment as void *ab initio*; acts *ultra vires*." (08-cv-02749, Doc. No. 15, Ex. 5.) In the motion, Mr. Wolf argued that the county court did not have authority to enter judgment in the case because neither the state of Colorado, nor the county, had authority to regulate Wolf's land, which, as "mineral land," was exempt from state regulation under federal

---

[2] The district court order indicates that it was issued by the Jefferson County District Court; however, Defendants explain that this is a typographical error as the appeal was to the Gilpin County District Court. (Doc. No. 23 at 3.)

law.  (08-cv-02749, Doc. No. 15, Ex. 3.)  Mr. Wolf further argued that the county's conduct violated federal law as well as Colorado criminal statutes.  (*Id.* at 3.)

In 2008, Mr. Wolf filed suit in the United States District Court for the District of Colorado against James Petrock.  (*See* 08-cv-02749-PAB-KMT.)  Mr. Wolf continued to argue that the state of Colorado did not have authority to regulate Wolf's land, as it is mineral land exempt from state regulation under federal law, and that the County's conduct violated the Colorado Enabling Act, 18 Stat. 474 (1875) and amounted to criminal trespass.  (08-cv-02749, Doc. No. 12 at 1-2.)  Mr. Wolf asserted that the action arose under the Fifth Amendment of the United States Constitution and 28 U.S.C. §§ 2201 and 2202 and sought a declaratory judgment regarding the mineral land status of his property and the state and municipal authority to regulate mineral lands in light of 18 Stat. 474.  (*Id.*)  This court recommended that Mr. Petrock's motion to dismiss be converted to a motion for summary judgment and be granted as barred by *res judicata*.  (08-cv-02749, Doc. No. 41.)  On October 19, 2009, District Judge Philip A. Brimmer adopted the recommendation and dismissed the case on *res judicata* grounds.  (08-cv-02749, Doc. No. 47.)

Mr. Wolf appealed.  The Tenth Circuit interpreted Mr. Wolf's appeal as arguing that the federal district court had a duty to issue a declaratory judgment that the state court decisions imposing penalties for zoning violations were incorrect and Colorado had no right to regulate the use of his land.  (*See* 08-cv-02749, Doc. No. 65.)  On June 10, 2010, the Tenth Circuit affirmed the dismissal on the grounds that Mr. Wolf had failed to state a claim against Mr. Petrock.  (*Id.*)  The Tenth Circuit also found Mr. Wolf's appeal to be frivolous and awarded reasonable

appellate attorney's fees as just damages. (08-cv-02749, Doc. No. 67-1.) Mr. Petrock's motion to determine the amount of appellate attorney's fees is pending before the Court in Case No. 08-cv-02749-PAB-KMT. (08-cv-02749, Doc. No. 70.)

On June 21, 2010, Mr. Wolf filed the present suit in the United States District Court for the District of Colorado against both James Petrock and Gilpin County. (*See* 10-cv-01456-PAB-KMT.) In his Verified Complaint, Mr. Wolf makes the same allegations he has in the past, namely, that Defendants[3] do not have authority to regulate his land, as it is "mineral land" exempt from regulation under federal law, and that Defendants' actions violate federal law and Colorado criminal statutes. (*See* Doc. No. 1.) As with his 2008 complaint, Mr. Wolf asserts that the action arises under the Fifth Amendment and under 28 U.S.C. §§ 2201 and 2202. (*Id.* at ¶ 1.2.) He again seeks a declaratory judgment regarding the limitations 18 Stat. 474 places on the Defendants to regulate Mr. Wolf's use of his land and monetary damages for defamation of character due to liens placed in his property, for lost mining contracts and for state taxes collected without authority. (*Id.* at ¶¶ 3.1-3.6) He also asks the court to permanently enjoin Defendants from acting under state or municipal authority in any matter concerning Mr. Wolf's mineral lands until Congress amends 18 Stat. 474. (*Id.* at ¶ 3.6.)

On July 13, 2010, defense counsel sent Mr. Wolf a letter regarding counsel's intention to file a Rule 11 motion for sanctions. (Doc. No. 22, Ex. A.) A copy of the Rule 11 motion, as

---

[3] The complaint uses "defendant" in both the singular and the plural. Because much of the complaint is a verbatim copy of Mr. Wolf's 2008 complaint against Mr. Petrock, the court assumes that Mr. Wolf merely neglected to change all his references to "defendant" to the plural and construes these allegations as against both Mr. Petrock and Gilpin County.

well as a copy of Defendants' Motion to Dismiss and Motion to Enjoin, were enclosed with the letter.  (*Id.*)  Mr. Wolf responded by filing a First Amended Complaint, in which he alleges that defense counsel sent a threatening letter and made misrepresentations, and adds the defense firm of Fowler, Schimberg & Flanagan, P.C. as a defendant.  (*See* Doc. No. 14.)

## PROCEDURAL HISTORY

On July 13, 2010, Defendants Gilpin County and James Petrock filed a "Motion to Enjoin Plaintiff Philip Andrew Wolf from Filing Pleadings in the District Court for the District of Colorado" (Doc. No. 8) to which Mr. Wolf has not responded.  On July 15, 2010, Mr. Wolf filed a "Motion for injunctive relief to prevent irreparable harm, with notification to Defendants."  (Doc. No. 11.)  On August 2, 2010, Defendant Fowler, Schimberg & Flanagan, P.C. filed a "Motion to Strike Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f)."  (Doc. No. 22.)  Defendants Gilpin County and James Petrock also filed a "Motion to Dismiss Plaintiff's First Amended Complaint."  (Doc. No. 23.)  All three defendants filed a "Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927."  (Doc. No. 24.)  On August 17, 2010, Plaintiff Philip Wolf filed a document entitled "Plaintiff's reply to motion to dismiss and Shimberg's motion to strike."  (Doc. No. 28.)  Defendants then filed a reply in support of the Motion to Strike and the Motion to Dismiss.  (Doc. No. 32.)  Mr. Wolf has not responded to Defendants' Motion for Sanctions.  The motions are ripe for review and recommendation.

## LEGAL STANDARD FOR *PRO SE* PLAINTIFF

Mr. Wolf is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## DEFENDANTS' MOTION TO DISMISS

Defendants Gilpin County and James Petrock move to dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that there is no diversity of citizenship, no federal question, and Mr. Wolf's claims are barred by the *Rooker-Feldman* doctrine, and for failure to state a claim per

Federal Rule of Civil Procedure 12(b)(6). They also argue that Mr. Wolf's claims are barred by *res judicata* and collateral estoppel.

### 1.     *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (citations omitted).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions where complete diversity of citizenship and an amount in controversy exceeding $75,000 exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

Mr. Wolf does not appear to assert diversity jurisdiction and, indeed, diversity could not provide federal court jurisdiction over this suit as the parties are all citizens of Colorado. To the extent that Mr. Wolf seeks to assert federal question jurisdiction under 28 U.S.C. §§ 2201 and 2202, this basis also fails. It is well settled that the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not itself confer jurisdiction on a federal court where none otherwise exists. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). That statute was adopted by Congress to enlarge the range of remedies available in federal court, and does not extend subject matter jurisdiction to cases in which the court has no independent basis for jurisdiction. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671-72 (1950); *Monks v. Hetherington*, 573 F.2d 1164, 1166-67 (10th Cir. 1978); *Chandler v. O'Bryan*, 445 F.2d 1045, 1054 (10th Cir. 1971).

However, Mr. Wolf also purports to bring suit under the Fifth Amendment to the United States Constitution. (Doc. No. 14 at 1.2.) In *Bell v. Hood*, the Supreme Court explained that "where a complaint is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions, must entertain the suit." *Peoples v. CCA Det. Ctr.*, 422 F.3d 1090, 1095 (10th Cir. 2005) (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)) (quotations omitted). The two exceptions are claims that clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction or claims that are wholly insubstantial and frivolous. *Id.* Notably, jurisdiction is not defeated "by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover." *Id.* at 1095 n.3. "[T]he failure to state a proper cause of action calls for a judgment on the merits and not a dismissal for want of jurisdiction." *Id.*

By invoking the Fifth Amendment, Mr. Wolf "seek[s] recovery directly under the Constitution." *Bell*, 327 U.S. at 682. However, while it does not appear that Mr. Wolf raises the Fifth Amendment "solely for the purpose of obtaining jurisdiction," his Fifth Amendment claims appear to be "wholly insubstantial and frivolous." *Peoples*, 422 F.3d at 1095 n.3. In denying the Wolfs' appeal of the county court decision, the state district court noted that, at trial, the Wolfs had introduced numerous exhibits into evidence and questioned witnesses. (08-cv-02749, Doc. No. 15, Ex. 1.) In his First Amended Complaint, Mr. Wolf makes conclusory allegations regarding the taking of his property and provides no explanation as to how his due process rights were violated. Nevertheless, even assuming that this court has subject matter jurisdiction, Mr. Wolf has failed to state a claim upon which relief may be granted.

## 2. *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Mr. Wolf's First Amended Complaint is difficult to decipher. He urges that "municipal creatures of the State have acted in defiance of Colorado's enabling act at U.S. Public Law 18 Stat. § 474 [sic]." (Doc. No. 14 at ¶ 2.5.) According to Mr. Wolf, despite years of litigation and efforts to resolve the matter of 18 Stat. 474, Defendants have been unable to identify "any federal law which contradicts the terms of 18 Stat. § 474 [sic] as it relates to mineral lands and non-federal authority or jurisdiction." (*Id.* at ¶ 2.10.) He claims that Defendants' conduct, in "claim[ing] lawful authority or court order to constantly enter upon and remain on Plaintiff's land . . . constitutes a plain violation of due process rights of the Plaintiff secured by the 5th Amdt." (*Id.* at ¶ 3.2.) He claims that Defendants have filed liens against his property without lawful authority, which is a plain violation of his rights to "due process, to property and to contract, secured by the 5th Amdt." (*Id.* at ¶ 3.3.) He also complains that Defendants, lacking authority to regulate his mineral lands, have refused to grant permits to companies interested in contracting with Mr. Wolf to mine resources on his land, violating his rights to "contract and to property, in violation of the 5th Amdt. to the U.S. Constitution." (*Id.* at ¶ 3.4.) Mr. Wolf further complains that, because 18 Stat. 474 bars Defendants from exercising police or taxation authority, the imposition of property taxes violates "Plaintiff's rights to property secured by the 5th Amdt." (*Id.* at ¶ 3.5.) Mr. Wolf seeks a declaratory judgment regarding the mineral status of his land and Defendants' lack of authority in relation to mineral lands (*id.* at ¶ 3.6), and monetary damages for violations of his due process rights, defamation of character due to the liens placed on his property, lost mining contracts and state taxes collected without authority (*id.* at ¶¶ 3.2-3.5).

With these allegations, Mr. Wolf appears to allege due process and takings clause claims under the Fifth Amendment. A plaintiff may not sue a state actor directly under the Constitution. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704,705 (9th Cir. 1992) (noting that a litigant complaining of a violation of a constitutional right by a state actor must utilize 42 U.S.C. § 1983); *cf. Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (recognizing a cause of action under the Constitution for violation of federal constitutional rights by federal agents). Moreover, the Fifth Amendment acts as a limit on federal government action only. *See Wardle v. Ute Indian Tribe*, 623 F.2d 670, 673 (10th Cir. 1980); *see also Martinez v. Roth*, No. 94-2206, 1995 WL 261127, at *2 (10th Cir. 1995) (unpublished) (dismissing claims brought under Fifth Amendment because such claims required federal, not state, action). Allegations of due process violations by state actors implicate the Fourteenth Amendment and may be brought pursuant to 42 U.S.C. § 1983. *Martinez*, 1995 WL 261127, at *2. Similarly, the takings clause is made applicable to the states through the Fourteenth Amendment and takings clause claims may be brought pursuant to 42 U.S.C. § 1983. *River City Capital, L.P. v. Bd. of Cnty. Comm'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007). Mr. Wolf has not provided factual information to explain the nature of his Fifth Amendment claims against either Gilpin County or James Petrock, and he has not pleaded any facts to support a claim under 42 U.S.C. § 1983. Although courts generally construe *pro se* pleadings liberally, the court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake*, 927 F.2d at 1159. Accordingly, the court finds that Defendant Gilpin County and James

Petrock's motion to dismiss should be granted on the basis of Mr. Wolf's failure to state a claim.[4]

### DEFENDANT FOWLER, SCHIMBERG & FLANAGAN, P.C.'S MOTION TO STRIKE

On July 13, 2010, defense counsel sent Mr. Wolf a letter regarding their intention to file a motion to dismiss, a motion to enjoin Mr. Wolf from further filings and a motion for Rule 11 sanctions. This letter was provided in accordance with Rule 11's "safe harbor" provision, which requires that a motion for sanctions be served on the party against whom sanctions are requested twenty-one days before the motion is filed with the court. *See* Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F.3d 1179, 1191-92 (10th Cir. 2006). In the letter Defendants state, "Pursuant to Rule 11's 'safe harbor' provision, enclosed is a copy of the Motion we will file in 21 days should you fail to withdraw your Complaint. Please note that based on the 'safe harbor' provision, this Motion is being served on you, but has not been filed." (Doc. No. 22, Ex. A.) Copies of all three motions were enclosed with the letter.

Mr. Wolf subsequently filed his First Amended Complaint in which he added the firm of Fowler, Schimberg & Flanagan, P.C. as a defendant. (Doc. No. 14.) In the First Amended

---

[4] Notably, with regard to Defendant Petrock specifically, the Tenth Circuit has already found that Mr. Wolf's allegations against Mr. Petrock fail to state a claim. In denying Mr. Wolf's appeal of the 2008 federal matter, the Tenth Circuit found that Mr. Wolf had "utterly failed to state a claim against Mr. Petrock upon which relief could be granted." (08-cv-02749, Doc. No. 65 at 6.) The Circuit noted that Mr. Wolf had not sued Mr. Petrock in his official capacity and "the sole substantive allegation against Mr. Petrock was that he had 'expressed a belief' that county and state law 'provide him free and unencumbered access to Mr. Wolf's land at any time of day or night, and on every day of every year' contrary to federal law." (*Id.* at 3.) Mr. Wolf makes the same allegations against Mr. Petrock in the present suit. (*See* Doc. No. 14 at ¶ 2.3.)

Complaint Mr. Wolf avers that, per the safe harbor letter, defense counsel threatened him "through the US Postal system, promising to ask that he be sanctioned and promising to make false representations to this Court in order to dispose of this action." (*Id.* at ¶ 2.14.) He also complains that Defense counsel threatened to tell the court that "what Plaintiff is suing for is what he's sued for in the past," that his claims have already been decided, and that "*res judicata* was the ruling on Plaintiff's federal appeal." (*Id.* at ¶¶ 2.15-2.17.) Mr. Wolf claims that "this threat to libel the Plaintiff and attempt to bar him from federal Constitutional and statutory relief is designed to unduly cause the Plaintiff stress and defamation, and it violates his rights to due process." (*Id.* at ¶ 3.6.) He seeks $1,000,000.00 in monetary damages. (*Id.*)

Defendant Fowler, Schimberg & Flanagan, P.C. has moved to strike all allegations in the First Amended Complaint directed at the law firm, arguing that the sole basis for Mr. Wolf's claims against the law firm is the Rule 11 letter and that he "is attempting to harass attorneys simply because [they] had the audacity to send Mr. Wolf a Rule 11 Safe Harbor letter . . . ." (Doc. No. 22 at ¶ 5.) Defendants maintain that Mr. Wolf's allegations are scandalous and it is costly to the court, counsel and other parties to address such abusive, frivolous, groundless and vexatious litigation. (*Id.* at ¶ 6.) In response, Mr. Wolf claims that the "safe harbor letter said the motion to dismiss with all of the lies in it would not be filed unless after 21 days this action remained on record . . . " yet the certificate of service for the motion to dismiss was dated the same date as the letter. (Doc. No. 28 at 15.) Mr. Wolf maintains that when he is threatened with libel and extortion to coerce him out of more relief, he has every right to sue the party doing the threatening. (*Id.* at 16.)

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *U.S. v. Smuggler-Durant Min. Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). Although a *pro se* litigant's pleadings are to be construed liberally, the courts "simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

There is no basis for Mr. Wolf's allegations against Fowler, Schimberg & Flanagan, P.C. The motion that defense counsel indicated would not be filed for twenty-one days was the motion for Rule 11 sanctions, not the motion to dismiss. It is irrelevant that Defendants filed the motion to dismiss the same day they sent the safe harbor letter, and certainly not improper. Although the vague wording of Defendants' letter may have caused a *pro se* party to believe the twenty-one day period applied to the motion to dismiss, the text of Rule 11 makes clear that the safe harbor provision applies to a motion for sanctions. Although proceeding *pro se*, Mr. Wolf is held to the same rules of procedure that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The court will not tolerate such scandalous allegations and, therefore, recommends that Fowler, Schimberg & Flanagan, P.C.'s motion to strike be granted.

### DEFENDANTS' MOTION TO ENJOIN PLAINTIFF FROM FURTHER FILINGS

Defendants Gilpin County and James Petrock filed a motion to enjoin Mr. Wolf from filing pleadings in the United States District Court for the District of Colorado on July 13, 2010.

(Doc. No. 8.)  Defendant Fowler, Schimberg & Flanagan, P.C. specifically incorporated the motion to enjoin into its motion to strike the First Amended Complaint.  (Doc. No. 22 at ¶ 1.) Defendants assert that Mr. Wolf has been litigating the issue of his zoning violations with Gilpin County since 2003, he attempted to relitigate the issue in the 2008 federal matter, and he is pursuing the same claims and arguments again in this case.  (Doc. No. 8 at ¶¶ 2-4.)  Defendants maintain that Mr. Wolf has filed numerous abusive, frivolous, groundless, vexatious, and incomprehensible pleadings in this matter as well as the 2008 federal matter.  (*Id.* at ¶ 5.) Because Defendants and the Court are forced to spend significant time and resources reviewing and responding to Mr. Wolf's pleadings, Defendants urge the court to enjoin Mr. Wolf from filing additional pleadings in this matter and additional lawsuits unless he first obtains leave of court and demonstrates that there is a legitimate and non-frivolous reason to file a pleading or lawsuit.  (*Id.* at ¶ 8.)  Mr. Wolf did not respond to Defendants' motion.

Federal courts have power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the system by harassing their opponents.  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). The right to access the courts is neither absolute nor unconditional.  *Id.* at 353.  Thus, a federal court may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Id.* at 352.  Although litigiousness alone will not support an injunction restricting filing activities, filing restrictions are appropriate where 1) a litigant's abusive and lengthy history is properly set forth, 2) the court provides guidelines as to what the litigant must do to obtain the court's permission to file, and 3) the litigant is given notice and an opportunity to oppose the court's order before it is instituted.  *Roscoe v. Hansen*, No. 96-2250,

1997 WL 116992, at *2 (10th Cir. Mar. 17, 1997) (unpublished) (citing *Tripati*, 878 F.2d at 353-354). A litigant's opportunity to respond to a magistrate judge's recommendation satisfies this requirement. *See Pavilonis v. King*, 626 F.2d 1075, 1077 (1st Cir. 1980) (cited with approval in *Tripati*, 878 F.2d at 354).

While the court agrees with Defendants that Mr. Wolf has filed several nearly incomprehensible pleadings in this matter and the 2008 federal matter and that the underlying substance in both actions—the effect of 18 Stat. 474 on state regulation of mineral lands—is the same, the court does not believe that Mr. Wolf's efforts to litigate in federal court constitute the lengthy and abusive history that would support an injunction against all future filings. *See, e.g.*, *Johnson v. Cowley*, 872 F.2d 342 (10th Cir. 1989) (noting that petitioner filed fifty-four cases and thirty-three appeals in nine years); *Franklin v. Murphy*, 745 F.2d 1221, 1229 (9th Cir. 1984) (listing twenty-eight cases on appeal); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 365-66 (7th Cir. 1983) (taking note of filings in excess of 600 complaints in federal and state court); *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (noting sixteen actions filed and twenty-three more complaints ready to file). Mr. Wolf has filed three federal suits in two years.[5] However, with regard to two types of filings he has persisted despite adverse rulings from the courts.

Mr. Wolf has filed suit in federal court against Mr. Petrock two times. The Tenth Circuit upheld dismissal of Mr. Wolf's 2008 suit on the basis that Mr. Wolf's allegations failed to state a claim. (08-cv-02749, Doc. No. 65.) Mr. Wolf makes the same allegations against Mr. Petrock in

---

[5] The third action, not discussed here, involved a different defendant and a different issue. (*See* 09-cv-00775-PAB-KMT.)

the present suit, and the court is recommending dismissal for failure to state a claim.

Accordingly, the court recommends that Mr. Wolf be enjoined from filing further actions against

Mr. Petrock without first seeking leave of court.

Mr. Wolf has also attempted to raise criminal claims in civil actions on multiple

occassions. The record suggests that Mr. Wolf filed a criminal complaint in 2006 in connection

with the 2003 county court case. (*See* 08-cv-02749, Doc. No. 15 Ex. 5.) Mr. Wolf also included

allegations of criminal conduct on the part of Mr. Petrock in his 2008 federal complaint. In

denying Mr. Wolf's appeal, the Tenth Circuit noted that Mr. Wolf can not personally bring

criminal charges and, finding Mr. Wolf's appeal frivolous, awarded attorney's fees. (08-cv-

02749, Doc. No. 65, 67.) Eleven days after the Tenth Circuit ruled on Mr. Wolf's appeal, he

filed the present action and, on August 10, 2010, Mr. Wolf attached a criminal complaint against

all three Defendants to his reply in support of his motion for injunctive relief. (Doc. No. 26.) In

response to a motion by Defendants, this court struck the criminal complaint from the record and

cautioned Mr. Wolf against making further frivolous attempts to file criminal actions in this

Court. (Doc. No. 30 at 4.) The court now recommends that Mr. Wolf be enjoined from making

any further criminal allegations in this Court.

### DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

On August 2, 2010, Defendants filed a motion for sanctions pursuant to Federal Rule of

Civil Procedure 11 and 28 U.S.C. § 1927. (Doc. No. 24.) Defendants argue that Mr. Wolf's

"claims have no basis in law or fact and have been fully and finally adjudicated at least two

times." (*Id.* at 2.) They maintain that his claims are barred by *res judicata*, collateral estoppel,

and the *Rooker-Feldman* doctrine and Mr. Wolf is simply engaging in serial relitigation. (*Id.* at 3.) Defendants further contend that Mr. Wolf's argument that Gilpin County cannot regulate his land through zoning violations is substantially frivolous, groundless, and vexatious, and is fueled by "the misguided anarchist notion that Plaintiff does believe he is subject to government regulation." (*Id.*) Defendants state that, pursuant to Rule 11(c)(1)(A), they served a copy of the motion on Mr. Wolf on July 13, 2010. Rather than dismissing his claims, Mr. Wolf filed a First Amended Complaint, confirming his desire to pursue the claims and adding defense counsel as a defendant. As sanction, Defendants seek attorney's fees and costs incurred in connection with this lawsuit.

Rule 11 contemplates that, when a party signs a pleading, the signature represents to the court that the party has conducted a reasonable inquiry and the pleading is not being presented for any improper purpose, the claims and defenses are warranted by existing law or by nonfrivolous argument, and the factual contentions or denials thereof have evidentiary support. *See* Fed. R. Civ. P. 11(b). To comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *See Clements v. Chapman*, 189 F. App'x 688, 692-93 (10th Cir. 2006); *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, it may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). The sanction imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

Section 1927 provides,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. There is a conflict among the circuits as to whether § 1927 applies to *pro se* litigants, compare *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (applying § 1927 to *pro se* litigant), with *Sassower v. Field*, 973 F.2d 75, 80 (2nd Cir. 1992) (disagreeing), and the Tenth Circuit has not yet decided the question, *see Ayala v. Holmes*, 29 F. App'x 548, 550-51 (10th Cir. 2002).

To Defendants, the crux of Mr. Wolf's arguments in all three cases is that his land is exempt from state regulation based on its status as "mineral land." (See Doc. No. 23 at 9.) Defendants feel that Mr. Wolf has been litigating this issue since 2003. While 18 Stat. 474 clearly underlies Mr. Wolf's arguments, his First Amended Complaint in this suit alleges constitutional violations under the Fifth Amendment. Defendants make no argument specifically addressing Mr. Wolf's Fifth Amendment claims in any of their motions. Thus, the court is reluctant to award Defendants' costs and fees in connection with the entire lawsuit. However, the court does believe that Mr. Wolf has run afoul of Rule 11 with some of his filings. First, as already described, Mr. Wolf makes the same allegations against Mr. Petrock that he made in the 2008 federal action which the Tenth Circuit found failed to state a claim. Moreover, the Tenth Circuit awarded reasonable appellate fees as sanctions for Mr. Wolf's frivolous appeal. Mr. Wolf's actions in refiling these allegations in this matter are not objectively reasonable. Sanctions in the form of Defendants' costs and fees associated with moving to dismiss the First

Amended Complaint would be appropriate. Similarly, the court finds Mr. Wolf's unfounded

allegations against defense counsel in the First Amended Complaint utterly frivolous. They

demonstrate no reasonable inquiry on Mr. Wolf's part into the applicable law. Accordingly,

attorney's fees and costs associated with Defendants' motion to strike the allegations against

defense counsel from the First Amended Complaint should be awarded.

## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

On July 15, 2010, Mr. Wolf filed a motion styled "Plaintiff's Motion for injunctive relief

to prevent irreparable harm, with notification to Defendants." (Doc. No. 11.) In it he seeks a

temporary restraining order to prevent Defendants from selling liens on his property, from

photographing his home, and from refusing permits to mining companies. (*Id.* at 1-3.)

Where the opposing party has notice, as in this case, the procedure and standards for

issuance of a restraining order mirror those for a preliminary injunction. *Emmis Commc'ns

Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking

preliminary injunction must establish the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there
> is a substantial likelihood the movant ultimately will prevail on the merits; (3) the
> threatened injury to the movant outweighs any harm the proposed injunction may
> cause the opposing party; and (4) the injunction would not be contrary to the
> public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).

Mr. Wolf has not established any of these conditions. Most importantly, given the

court's recommendation that Defendants' motion to dismiss and motion to strike be granted, Mr.

Wolf clearly has not established a substantial likelihood of success on the merits. Nor has he

established that the threatened injury outweighs any harm to Defendants or that an injunction would not be contrary to the public interest.  Indeed, considering the court's recommendation that Mr. Wolf be enjoined from certain filings and that sanctions be awarded against him under Rule 11, the potential injury to Defendants and to the public interest outweigh any potential harm to Mr. Wolf.  Accordingly, the court recommends that Mr. Wolf's motion for injunctive relief be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the court respectfully RECOMMENDS that

1.      Gilpin County and James Petrock's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 23) be GRANTED;

2.      Defendant Fowler, Schimberg & Flanagan, P.C.'s Motion to Strike Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(F) (Doc. No. 22) be GRANTED;

3.      Defendants' Motion to Enjoin Plaintiff Philip Andrew Wolf from Filing Pleadings in the United States District Court for the District of Colorado (Doc. No. 8) be GRANTED IN PART and Philip Wolf be enjoined from filing further actions against James Petrock without first seeking leave of court and be enjoined from making criminal allegations in the United States District Court for the District of Colorado;

4.      Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 (Doc. No. 24) be GRANTED IN PART and Defendants be awarded the

22

attorney's fees and costs associated with filing their motion to dismiss and motion to strike the first amended complaint; and

5. Plaintiff's Motion for injunctive relief to prevent irreparable harm, with notification to Defendants (Doc. No. 11) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge