IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01456-PAB-KMT

PHILIP ANDREW WOLF,

    Plaintiff,

v.

COUNTY OF GILPIN,
JAMES PETROCK, and
FOWLER, SCHIMBERG & FLANAGAN, P.C.,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 36] filed on September 30, 2010. Magistrate Judge Kathleen M. Tafoya recommends that the Court dismiss plaintiff's pro se complaint, partially enjoin plaintiff from filing future lawsuits, and award attorney's fees and costs to defendants. Plaintiff, through counsel, filed timely objections to the Recommendation [Docket No. 41], and defendants filed a response to plaintiff's objections [Docket No. 42].[1] The pending motions in this matter are ripe for disposition.

Plaintiff does not object to the recommended dismissal of defendant Fowler, Schimberg & Flanagan, P.C. ("FSF") *See* Docket No. 41 at 4, ¶ 15. Nor does he object

---

[1] As an initial matter, plaintiff's objections are twenty pages long, thus violating § III.A. of this Court's Practice Standards. That failure to comply would be a sufficient basis to strike plaintiff's objections. *See* Civil Practice Standards § III.C.2. The Court, however, will address the substance of plaintiff's objections.

to the Recommendation that FSF's motion to strike [Docket No. 22] be granted.  In the absence of objections, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b) (Advisory Committee Notes).  Based on this review, I conclude that, in regard to FSF's motion to strike, the Recommendation is a correct application of the facts and the law.

In regard to the claims against defendants County of Gilpin and James Petrock, the Recommendation noted potential infirmities in plaintiff's jurisdictional averments and found pursuant to Federal Rule of Civil Procedure 12(b)(6) that, in any case, plaintiff failed to state a claim upon which relief may be granted.  Plaintiff has objected to this conclusion.  Therefore, I will review this aspect of the Recommendation *de novo*. *See* Fed. R. Civ. P. 72(b)(3).

Despite baldly asserting that plaintiff's complaint adequately states a claim for relief, *see* Docket No. 41 at 14, plaintiff essentially concedes the inadequacy of the operative complaint and requests the opportunity to file a second amended complaint. *See* Docket No. 41 at 4, ¶ 13 ("[A]ssuming [the Court's] continued jurisdiction, Mr. Wolf will be respectfully requesting leave to amend his Complaint to better reflect his position and the ultimate identity of all necessary parties.").  As defendants point out, however, plaintiff has had abundant opportunities to plead a viable claim for relief in this and previous cases both in state and federal court.  Furthermore, there is no pending motion to amend before the Court.  *See Calderon v. Kansas Dep't of Social and*

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review.  *See* Fed. R. Civ. P. 72(b).

*Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *McNamara v. Pre-Paid Legal Servs., Inc.*, 189 F. App'x 702, 719 (10th Cir. 2006) (unpublished) ("Plaintiffs failed to adequately request amendment and to support that request. Consequently, the district court did not err in dismissing this case without leave to amend.").

Even if I were to construe plaintiff's objections as a motion seeking leave to amend his complaint, plaintiff fails to describe how he could craft a viable claim for relief that would not suffer the same fate as his previous claims. Rather, plaintiff's counsel represents his personal belief "in the validity of Mr. Wolf's claims," Docket No. 41 at 4, ¶ 13, and asserts that leave to amend "is absolutely necessary, at this point, so that the proper parties are designated, and legal issues correctly framed." Docket No. 41 at 5, ¶ 18. Yet, counsel fails to explain the basis for believing that any such "correctly framed" claim would have any merit. Instead, plaintiff's counsel merely cites, as plaintiff has done before, one line from the Colorado Enabling Act, *see* 18 Stat. § 474 ("That all mineral lands shall be excepted from the operation and grants of this act."), that plaintiff apparently believes speaks for itself. It does not.[3] *See Blythe v. Southwest Airlines Co.*, No. 10-2047, 2010 WL 2473863, at *3 (10th Cir. June 18, 2010) (concluding that plaintiff's request, in response to a motion to dismiss, for sixty days to amend her complaint failed to "'give adequate notice to the district court and to the opposing party

---

[3] Nor do the various documents filed by plaintiff regarding prior property interests held in his land. *See, e.g.*, Docket No. 15-3. The substance of those documents do not on their face reveal the basis for plaintiff's belief that the property interests he holds in his land is free from any and all regulation by the County of Gilpin.

3

of the basis of the proposed amendment'" and, therefore, "the district court correctly denied her leave to amend her complaint") (quoting *Calderon*, 181 F.3d at 1186-87).

Furthermore, and in any event, the doctrine of res judicata bars plaintiff from reasserting his claims. Res judicata "encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion." *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1135-36 (10th Cir. 2004) (citations omitted). "Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered," while "issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Id.* at 1136. Plaintiff's complaint is an attempt to re-litigate issues and claims he has already litigated, or had every opportunity to litigate, in both state and federal court. In a motion to vacate judgment filed in a prior state court action, plaintiff unsuccessfully argued that "Gilpin County Court did not have authority to enter . . . judgments [against him] . . . because the County does not have the authority to regulate [plaintiff's] land, as it is 'mineral land' exempt from County regulation pursuant to federal law" and that "the County's regulation of the land is a violation of federal law and Colorado criminal statutes." *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2009 WL 3418218, at *1-2 (D. Colo. Oct. 19, 2009), *aff'd on other grounds by Wolf v. Petrock*, No. 09-1514, 2010 WL 2331171 (10th Cir. June 10, 2010). "After finding no relief in the Colorado courts, Mr. Wolf turned to the federal court system." *Wolf*, 2010 WL 2331171, at *1. In Civil Action No. 08-cv-02749-PAB-KMT, plaintiff alleged that "he owns land upon which he owns federal land patents and that

4

Gilpin County and others are violating Colorado and federal law by regulating his lands." *Id.* at *2 (citing Docket No. 12 at 2, ¶ 2.4 in No. 08-cv-02749).

Having had judgment enter against him in that first federal case, plaintiff seeks largely the same relief in the present action, though now claims that, if provided yet another opportunity, he could somehow craft a viable claim. "Res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). Plaintiff has had every opportunity to assert his claims in various forums. *See Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1135-36 (10th Cir. 2004) ("'[A] party who has had a full opportunity to present a contention in court ordinarily should be denied permission to assert it on some subsequent occasion.'") (citation omitted). Plaintiff offers, and this Court finds, no persuasive basis to permit him to try again here. Therefore, the Court will accept the Recommendation's finding that plaintiff's complaint be dismissed in its entirety.

The Court now turns to the Recommendation's findings regarding defendants' motion to enjoin plaintiff from further filings [Docket No. 8]. Plaintiff does not object to the Recommendation's conclusion that he should be barred from filing any additional criminal allegations in this Court, and the Court sees "no clear error on the face of the record," Fed.R.Civ.P. 72(b) (Advisory Committee Notes), in that regard. Therefore, the Court will accept that aspect of the Recommendation.

Magistrate Judge Tafoya further recommended that plaintiff be prevented from filing any additional actions against Mr. Petrock without leave of the Court. That

recommendation provided plaintiff with notice of the possibility that filing restrictions might be imposed, and plaintiff does not specifically address this recommendation. For the reasons provided in the Recommendation, *see* Docket No. 36 at 15-17,[4] I will accept the recommendation that plaintiff should be barred from filing *pro se* suits against Mr. Petrock in this Court without first receiving leave to do so. Plaintiff's counsel, however, contends that he could frame a colorable claim against Mr. Petrock on plaintiff's behalf. Although counsel fails to explain how that would be accomplished, I will not bar plaintiff from asserting future claims against Mr. Petrock without leave of Court so long as he is represented by counsel. *Cf.* Fed. R. Civ. P. 11; 28 U.S.C. § 1927.

The Recommendation also found, pursuant to Federal Rule of Civil Procedure 11(c), that defendants Petrock and the County of Gilpin are entitled to the attorney's fees and costs associated with the filing of their motion to dismiss and FSF's motion to strike. While plaintiff's objections do not specifically address this aspect of the Recommendation, plaintiff's counsel has argued that viable claims for relief could be devised against defendants Mr. Petrock and the County of Gilpin. However, as noted above, he fails to articulate a substantive basis for that belief. Nor does he provide any authority that would undermine Magistrate Judge Tafoya's conclusion that plaintiff had

---

[4] "A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." *Tripati v. Beaman*, 878 F .2d 351, 352 (10th Cir. 1989) (collecting cases). Furthermore, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006)); *see Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998); *Tripati*, 878 F.2d at 352.

no reasonable basis to reassert his claims against Mr. Petrock in this case.[5] Furthermore, Magistrate Judge Tafoya concluded that plaintiff's "unfounded allegations against defense counsel in the First Amended Complaint [were] utterly frivolous." Docket No. 36 at 21.  Therefore, I concur with the Recommendation's conclusion that defendants are entitled to the attorney's fees and costs associated with their motions to strike and to dismiss plaintiff's first amended complaint.

Finally, because plaintiff's complaint will be dismissed, I will also deny plaintiff's motion for injunctive relief [Docket No. 11].

For the foregoing reasons, it is

**ORDERED** that, to the extent indicated above, the Recommendation of United States Magistrate Judge [Docket No. 36] is ACCEPTED.  It is further

**ORDERED** that the motion to dismiss [Docket No. 23] filed by defendants Petrock and County of Gilpin is GRANTED.  It is further

**ORDERED** that defendant Fowler, Schimberg & Flanagan, P.C.'s motion to strike [Docket No. 22] is GRANTED.  It is further

**ORDERED** that defendants' motion to enjoin plaintiff from filing pleadings in this Court [Docket No. 8] is GRANTED in part.  Plaintiff is enjoined from asserting criminal charges in this Court.  Furthermore, plaintiff is not permitted to file new actions in this Court against defendant James Petrock without the representation of a licensed attorney admitted to practice in the District of Colorado.  The requirement that he have

---

[5] In an Order dated July 30, 2010, the Tenth Circuit awarded Mr. Petrock his attorney's fees arising out of plaintiff's appeal of the dismissal of his previous federal claim.  *See* Docket No. 24-2.

such counsel for any action brought against Mr. Petrock will be lifted only if he has obtained permission from this Court to proceed *pro se*. In order to obtain such permission, he must take the following steps:

1. File a motion with the clerk of this Court requesting leave to file a *pro se* case.

2. The motion for leave to proceed *pro se* must include a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this Court, with a statement indicating the nature of his involvement in, and the current status or disposition of, each proceeding.

3. The motion for leave to proceed *pro se* must identify the legal issues that the proposed new complaint raises against defendant Petrock and whether he has raised these issues in other proceedings in this Court. If so, he must cite the case number and docket number where such legal issues have been previously raised.

If plaintiff files a *pro se* action without permission of this Court to do so, it will be summarily dismissed. It is further

**ORDERED** that defendants' motion for sanctions [Docket No. 24] is GRANTED in part. Defendants are awarded the attorney's fees and costs associated with filing their motion to dismiss and motion to strike the first amended complaint pursuant to Federal Rule of Civil Procedure 11. Defendants shall document and provide briefing in support of their requested fees and costs within fourteen days after the date of this

order. Plaintiff, through counsel, may respond to defendants' briefing regarding the requested amounts within fourteen days thereafter. It is further

**ORDERED** that plaintiff's motion for injunctive relief [Docket No. 11] is DENIED.

DATED December 8, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge